# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO LOPEZ and JAIME L. QUINTERO,<br><br>Plaintiff,<br><br>vs.<br><br>BUD OF CALIFORNIA (DOLE), TEAMSTERS, DOES 1-20,<br><br>Defendant. | CASE NO. 05cv2006 BTM (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

Currently pending before the Court are motions for summary judgment filed by Defendants Bud Antle, Inc. dba Bud of California ("Bud") and Teamsters Local 890 ("Local 890"). For the reasons discussed below, Defendants' motions are **GRANTED**.

I.   **Factual Background**

Plaintiffs Francisco Lopez and Jaime Quintero are former employees of Defendant Bud and former members of Defendant Local 890 whose employment was terminated on November 10, 2003 and June 10, 2004 respectively.[1]  Plaintiff Lopez was terminated in November 2003 after he refused to transfer locations based on his low seniority. Instead,

---

[1] All facts cited herein are taken from Defendants' moving papers and are properly supported by the deposition testimony and/or exhibits and supplementary declarations submitted in support of these motions. As Plaintiff has presented no contrary evidence, they are accepted by the Court as undisputed.

he insisted on remuneration for room and board in his new location, despite having the second lowest seniority and the fact that no other driver received room and board. Plaintiff Quintero was suspended for time card fraud in March 2004. In accordance with the collective bargaining agreement which governed Plaintiffs' employment, Plaintiffs' union, Local 890, filed grievances protesting Lopez's termination and Quintero's suspension.

While the union originally filed a grievance with respect to Lopez, it ultimately decided not to arbitrate the grievance. Lopez was informed that the union was no longer going to pursue his claim by February 2004. After the union filed a grievance protesting Quintero's suspension, Bud investigated the incident and decided to terminate Quintero's employment on June 10, 2004. After deciding to proceed to arbitration on Quintero's grievance, the union ultimately entered into a settlement agreement with Bud in December 2004. The agreement provided for Quintero's reinstatement, without any loss of seniority, but without backpay for the period of his suspension. Quintero refused to return to work as provided for in the settlement agreement and so he was terminated in late December 2004.

Unhappy with the results the union achieved, Plaintiffs filed the instant lawsuit in October 2004 in California Superior Court. While the complaint is extremely lacking in detail, Plaintiffs apparently allege claims of wrongful termination and breach of contract. Once served with the complaint in September 2005, Defendant Bud promptly removed the case to this Court under 28 U.S.C. § 1441 on the ground that Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) completely pre-empts any state law claims sounding in contract or tort brought by an aggrieved union member against his former employer and union representatives.

Pursuant to an order of Magistrate Judge Major, all discovery, other than expert discovery, was to be complete by July 14, 2006. Defendants filed the instant motions for summary judgment on July 10 and 11, 2006.

//
//
//

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson, 477 U.S. at 248; Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Although the nonmoving party bears the burden of proof on a matter at trial, the moving party need only demonstrate to the Court that there is insufficient evidence to support the nonmoving party's case. Id. at 325. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proof at trial. See Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. See Celotex, 477 U.S. at 314. The nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citing Fed. R. Civ. P. 56(c)). When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir. 2001). The court must not weigh the evidence or make credibility determinations in evaluating a motion for summary judgment. See Anderson, 477 U.S. at 255.

### III.    Discussion

Plaintiffs' claims, though ostensibly brought under state law, are governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because they are founded on rights conferred by a collective bargaining agreement and require its interpretation. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987). The only claim available to Plaintiffs under this law is a "hybrid" action whereby a plaintiff: (1) alleges that his employer breached the collective bargaining agreement governing his employment relationship; and (2) alleges that his union breached its duty of fair representation. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163-65 (1983). The suit against the employer rests on Section 301, while the suit against the union is implied under the scheme of the National Labor Relations Act. Id. at 164. To prevail against either Defendant, Plaintiffs must demonstrate a breach by *both* Defendants. Id. at 164-65.

Thus Plaintiffs' complaint is recharacterized by this Court as a claim that Defendant Bud breached the collective bargaining agreement in terminating their employment and that Defendant Teamsters breached its duty to fairly represent them with respect to the termination of their employment with Defendant Bud in November 2003 (Lopez) and June 2004 (Quintero).[2]

Plaintiffs' claims are subject to a six-month statute of limitations. See DelCostello, 462 U.S. at 169-71. The claim regarding the termination of Plaintiff Lopez's employment is

---

[2] Plaintiffs also may have attempted to make a claim, through statements made in their depositions, that Defendant Bud violated the collective bargaining agreement by allegedly subcontracting union work and that Defendant Teamsters did not act to stop it. However, as this claim is not made in the Complaint and Plaintiffs have chosen not to mention it in their opposition brief, the Court will not address the merits of such a claim in this order.

1  barred by the statute of limitations because it was not filed within six months of the time
2  Defendant Local 890 informed Lopez that it would not proceed with the grievance on his
3  behalf.  See Harris v. Alumax Mill Products, Inc., 897 F.2d 400, 403-4 (9th Cir. 1990).  In
4  particular, Plaintiff Lopez was informed by February 2004 that the union was not proceeding
5  with his grievance and the instant complaint was not filed until October 2004, approximately
6  eight months later.

7  Both Plaintiff Lopez's claim, even if not time-barred, and Plaintiff Quintero's claim also
8  fail because Defendant Bud did not violate the collective bargaining agreement.  The
9  evidence presented supports Bud's contention that the terminations of both Plaintiffs were
10 done in accordance with the provisions of the collective bargaining agreement.  In addition,
11 Plaintiffs' claims fail because they also do not state a breach of the duty of fair representation
12 because they amount to no more than second-guessing of Defendant Local 890's handling
13 of its collective bargaining responsibilities and Plaintiffs have adduced no evidence of
14 discriminatory or bad-faith conduct.  See Airline Pilots Association v. O'Neill, 499 U.S. 65,
15 78 (1991); Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir. 1985).

16 Plaintiffs' late-filed opposition fails to present any genuine issues of material fact that
17 are in dispute.  Rather than designating specific facts showing that there is a genuine issue
18 for trial or arguing that the cases cited by Defendants are inapplicable, Plaintiffs simply make
19 unsupported factual assertions and present arguments based upon broad principles without
20 reference to legal authority.  Defendants' moving papers sufficiently establish the absence
21 of a dispute as to any genuine issue of material, triable fact and demonstrate their entitlement
22 to judgment.  Accordingly, the burden of production shifted to Plaintiffs and they have failed
23 to satisfy that burden.

24 //
25 //
26 //
27 //
28 //

**IV.     Conclusion**

Defendants' motions for summary judgment [Docs. # 26, 35] are therefore **GRANTED**. The clerk shall enter final judgment for both Defendants and against Plaintiffs in this matter.

Defendant Local 890 has also requested the Court to sanction Plaintiffs' counsel for his allegedly frivolous and bad-faith conduct during this litigation by awarding costs and fees to Defendants. This request was made in Defendant's reply brief. A reply brief, however, is not the appropriate vehicle for making such a request and, accordingly, Defendant's request for sanctions is not properly before the Court at this time.

**IT IS SO ORDERED.**

DATED:  January 22, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge